E-FILED
Monday, 05 June, 2017  02:08:55 PM
Clerk, U.S. District Court, ILCD

Exhibit
1

Chapter 730 Corrections
Specifically

730 ILCS 125/17.5 [3]

FILED
16-2019
JUN - 5 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

notwithstanding any other statue,
directive or administrative regulation
When a pregnant female prison is
brought to a hospital from a county
Jail for the purpose of delivering
her baby, no handcuffs Shackles, or
restraints of any kind May be used
during her transport to a medical
facility for the purpose of delivering
her baby. under no circumstances may
leg Irons or Shackles or waist Shackles
be used on any pregnant female prisoner
who is in labor. upon the pregnant
female prisoner's entry to the hospital
delivery room. a county correctional
officer must be posted Immediately
outside the delivery room. the Sheriff
Must provide for adqeuate personnel
to monitor the pregnant female prisoner
during her transport to and from the
hospital and during her stay at the
hospital.   55 ILCS 5/3-1500 3.6.
          745 ILCS 10/9-102

1 of 1

(A) in accordance with Illinois statue 730 ILCS 125/17.5 17.5 (pregnant female prisoners) no handcuffs leg Irons or waist Chains shall be used on a female inmate (detainee) who is in labor, this includes while being transported to a medically facility.

(B) A female external officer is to be assigned to the pregnant inmate (detainee) whenever possible.

County procedures & policy

Administrative Code:

Title 20: Corrections, criminal Justice and law enforcement Sub Chapter:

County Standards Part 701

County Jail Standards

Section 701.5 Definitions:

Records

D) The Sheriff or Jail Administrator Shall assure all records required by law or this Part are maintained and available for examination by Staff of the unit.

unit means the Jail and detention standards that unit.

P) The medical record

I) the detainee's health and Physical conditions: at the time of admission: during confinement, including treatment and medication administered: and at the time of discharged:

Exhibit 2

1 of 1

## medication

any medication in the possession of a detainee at admission shall be withheld until Identification and verification of it's proper use is obtained and document by a licensed medical Professional:

Patient Name: FARRAH JOHNSON                 Patient ID: 0010854

                    MEDICATION LIST          *Back pain*          07/18/16

START DATE          MEDICATION

07/15/16    NORCO 10-325MG 1 Tablet twice daily PRN for 7 days   *Take as needed*

07/15/16    FERROUS SULFATE 325 (65 FE)MG 1 Tablet daily for 30 days   *Current*

07/15/16    ABILIFY 30MG 1 Tablet daily for 30 days   *Current*

06/24/16    LAMOTRIGINE 25MG 1 Tablet daily for 30 days   *TAKE AS neede*

*Exhibit*
*3*

**Prescription Fill History obtained 11/25/2015 on patient FARRAH JOHNSON**

**Medication:** HYDROCO/APAP TAB 7.5-325 0   (NDC-11 number: 00591260505; MG: 65991702100358)

**Fill Date:** 11/25/2015

**Pharmacy (NCPDPID):** WALGREENS (1464990)

**Days Supply:** 30

**Substitution:** Y

**Pharmacy Benefit Manager:** 73854

*ongoing Since Sep, 25, 2014 Current*

*Exhibit 4*

04/05/14

# SHERIFF'S DEPT - JAIL INMATE LIST
## THIRD FLOOR - NORTH

| CELL | INMATE | IN | CELL | INMATE | IN | CELL | INMATE | IN |
|---|---|---|---|---|---|---|---|---|
| | FEMALE | | | FEMALE | | | 3RD FLOOR DORM | |
| A-25 | | | E-40 | WELLS, PENNY J. | 01-06-14 | 1. | | |
| A-25 | STRONG, ANGEL D. * | 03-03-14 | E-41 | FANNIN, KAYLIA E. | 01-16-14 | 2. | | |
| A-26 | MAKOWSKI, ALISA R. # | 03-27-14 | E-41 | BROCKETT, K LA J. | 11-13-13 | 3. | | |
| A-26 | KONOW, SAMANTHA J. | 03-25-14 | E-43 | ZARATE, ANGELA M. | 03-22-14 | 4. | | |
| A-27 | | | E-43 | FORD, VICKI L. | 11-29-13 | 5. | | |
| A-27 | ROGERS, MELISSA R. # | 04-03-14 | E-45 | | | 6. | | |
| A-28 | | | E-45 | CLOYD, LOREAL L. | 02-05-14 | 7. | | |
| A-28 | LEIGH, WENDY M. # | 02-21-14 | E-46 | | | 8. | | |
| A-29 | | | E-46 | WILSON, GABRIELLE A. | 08-28-13 | 9. | | |
| A-29 | CABRERA, AMANDA G. | 03-21-14 | E-47 | MCKINNEY, SARAH B. | 03-08-14 | 10. | | |
| A-30 | | | E-47 | PRESTON, AMBER M. | 02-05-14 | 11. | | |
| A-30 | | | E-48 | JOHNSON, FARRAH M. | 04-02-14 | 12. | | |
| A-32 | | | E-48 | HOWARD, SHAVALA M. | 10-12-13 | 13. | | |
| A-32 | ROWE, CRYSTAL Y. | 04-01-14 | E-49 | | | 14. | | |
| | | | E-49 | SHAW, MERIBETH NMI. | 01-17-14 | 15. | | |
| | | | E-50 | IRONS, TABITHA M. | 03-31-14 | 16. | | |
| | FEMALE | | E-50 | LONG, ANGEL D. | 02-27-14 | 17. | | |
| B-20 | COX, AMBER (LL) | 04-04-14 | E-51 | | | 18. | | |
| B-20 | WRIGHT, CLARISHA (LL) | 04-04-14 | E-51 | | | 19. | | |
| B-21 | | | E-52 | | | 20. | | |
| B-21 | | | E-52 | | | 21. | | |
| B-23 | | | E-53 | | | 22. | | |
| B-23 | | | E-53 | | | 23. | | |
| | | | E-54 | | | 24. | | |
| | | | E-54 | | | | | |
| | FEMALE | | E-55 | | | | | |
| C-69 | | | E-55 | | | | | |
| C-69 | | | E-56 | | | | | |
| C-70 | | | E-56 | | | | | |
| C-70 | BROWN, SHANNON D. | 10-02-13 | | | | | | |
| C-71 | | | | | | | | |
| C-71 | | | | BOOK IN - LOWER LEVEL | | | | |
| | | | 1. | BOWMAN, CORY *DOC HLD* | | | | |
| | | | 2. | PROWELL, JOHNNY | | | | |
| C-64 | | | 3. | MULLINS, KEVIN | | | | |
| C-64 | | | 4. | ZUPEK, SHAWN | | | | |
| C-65 | | | 5. | BAGLEY, MATTHEW | | | | |
| C-65 | | | 6. | PEPLOW, DARREN | | | | |
| C-66 | | | 7. | MILLER, JUSTIN | | | | |
| C-66 | BEASLEY, ANTHONY R. | 11-19-13 | 8. | | | | | |
| | | | 9. | | | | | |
| | | | 10. | | | | | |
| | TRUSTEES | | 11. | | | | | |
| D-59 | | | 12. | | | | | |
| D-59 | | | 13. | | | | | |
| D-61 | | | 14. | | | | | |
| D-61 | GILLESPIE, AARON M. [T] | 12-18-14 | 15. | | | | | |
| D-62 | | | 16. | | | | | |
| D-62 | MARTINICO, JOSEPH R. [T] | 08-10-13 | 17. | | | | | |

Exhibit 5

VCJ 000042

04/06/14

# SHERIFF'S DEPT - JAIL INMATE LIST
## THIRD FLOOR - NORTH

| CELL | INMATE | IN | CELL | INMATE | IN | CELL | INMATE | IN |
|------|--------|----|------|--------|----|------|--------|----|
| | FEMALE | | | FEMALE | | | 3RD FLOOR DORM | |
| A-25 | | | E-40 | WELLS, PENNY J. | 01-06-14 | 1. | | |
| A-25 | STRONG, ANGEL D. * | 03-03-14 | E-41 | FANNIN, KAYLIA E. | 01-16-14 | 2. | | |
| A-26 | MAKOWSKI, ALISA R. # | 03-27-14 | E-41 | BROCKETT, K LA J. | 11-13-13 | 3. | | |
| A-26 | KONOW, SAMANTHA J. | 03-25-14 | E-43 | ZARATE, ANGELA M. | 03-22-14 | 4. | | |
| A-27 | | | E-43 | FORD, VICKI L. | 11-29-13 | 5. | | |
| A-27 | ROGERS, MELISSA R. # | 04-03-14 | E-45 | | | 6. | | |
| A-28 | | | E-45 | CLOYD, LOREAL L. | 02-05-14 | 7. | | |
| A-28 | LEIGH, WENDY M. # | 02-21-14 | E-46 | | | 8. | | |
| A-29 | | | E-46 | WILSON, GABRIELLE A. | 08-28-13 | 9. | | |
| A-29 | CABRERA, AMANDA G. | 03-21-14 | E-47 | MCKINNEY, SARAH B. | 03-08-14 | 10. | | |
| A-30 | | | E-47 | PRESTON, AMBER M. | 02-05-14 | 11. | | |
| A-30 | | | E-48 | JOHNSON, FARRAH M. | 04-02-14 | 12. | | |
| A-32 | | | E-48 | HOWARD, SHAVALA M. | 10-12-13 | 13. | | |
| A-32 | ROWE, CRYSTAL Y. | 04-01-14 | E-49 | | | 14. | | |
| | | | E-49 | SHAW, MERIBETH NMI. | 01-17-14 | 15. | | |
| | | | E-50 | IRONS, TABITHA M. | 03-31-14 | 16. | | |
| | FEMALE | | E-50 | LONG, ANGEL D. | 02-27-14 | 17. | | |
| B-20 | COX, AMBER (LL) | 04-04-14 | E-51 | | | 18. | | |
| B-20 | WRIGHT, CLARISHA (LL) | 04-04-14 | E-51 | | | 19. | | |
| B-21 | | | E-52 | | | 20. | | |
| B-21 | | | E-52 | | | 21. | | |
| B-23 | | | E-53 | | | 22. | | |
| B-23 | | | E-53 | | | 23. | | |
| | | | E-54 | | | 24. | | |
| | | | E-54 | | | | | |
| | FEMALE | | E-55 | | | | | |
| C-69 | | | E-55 | | | | | |
| C-69 | | | E-56 | | | | | |
| C-70 | | | E-56 | | | | | |
| C-70 | BROWN, SHANNON D. | 10-02-13 | | | | | | |
| C-71 | | | | | | | | |
| C-71 | | | | BOOK IN - LOWER LEVEL | | | | |
| | | | 1. | BOWMAN, CORY *DOC HLD* | | | | |
| | | | 2. | PROWELL, JOHNNY | | | | |
| C-64 | | | 3. | MULLINS, KEVIN | | | | |
| C-64 | | | 4. | ZUPEK, SHAWN | | | | |
| C-65 | | | 5. | HOLMES, WILLIAM | | | | |
| C-65 | | | 6. | PEPLOW, DARREN | | | | |
| C-66 | | | 7. | MOORE, JALANCE | | | | |
| C-66 | BEASLEY, ANTHONY R. | 11-19-13 | 8. | NIXON, JAMIE | | | | |
| | | | 9. | WADDY, ALBRICE | | | | |
| | | | 10. | ROSS, BRYCE | | | | |
| | TRUSTEES | | 11. | | | | | |
| D-59 | | | 12. | | | | | |
| D-59 | | | 13. | | | | | |
| D-61 | | | 14. | | | | | |
| D-61 | GILLESPIE, AARON M. [T] | 12-18-14 | 15. | | | | | |
| D-62 | | | 16. | | | | | |
| D-62 | MARTINICO, JOSEPH R. [T] | 08-10-13 | 17. | | | | | |

Exhibit
6

```
Run:   -    -        :           VERMILION CO SHERIFF DEPT              Page:    1

MED02 - Run By: M BARRETT

AGENCY: OV                    J A I L   M A N A G E M E N T
                             INMATE MEDICAL QUESTIONS

Name: JOHNSON,FARRAH M          Prs ID/Sfx: 000000048121-021     Prs Typ: A
Sex: F    Age:  30   Blood Type:           Date: 04/02/2014  Time: 1043
_____

Does Inmate Need Emergency Medical Care?                                  NO
Are There Visible Signs of Injury Requiring Immediate Care?               NO
Is There Any Evidence of an Infection that May Spread Through the Jail?   NO
Does Inmate Appear to be Under the Influence of Alcohol or any Drug?      NO
Are There Visible Signs of Alcohol or Drug Withdrawal?                    NO
Is the Inmate Disoriented or Confused as to Suggest the Risk of Suicide?  NO
Does Inmate's Behavior Suggest Risk of Assault to Staff,Self,Other Inmate? NO
Is Inmate Carrying or Presently on Medication?                           NO
Are There Visible Signs of Fever,Tremors,Sweating,Cough,Jaundice,Rashes,Cuts,
Skin Lesions,Infections,Bruises,Trauma Markings,Infestations,Needle Marks,
Body Vermin?                                                              NO
Is Inmate on a Special Diet Prescribed by a Doctor?                      NO
Does Inmate Have History of VD,Abnormal Discharges,Infectious Diseases?   NO
Are you Presently Being Treated for a Health Problem?                     NO
Is Inmate Allergic to any Food or Medication?                            NO
Has Inmate Fainted Recently or had a Recent Head Injury?                 NO
Is There a History of Tuberculosis?                                      NO
Does Inmate Have Hepatitis?                                              NO
Does Inmate Have any Dental Problems?                                    NO
Is Inmate Pregnant?                                                      NO
Currently on Birth Control Pills?                                        NO
Do you Have any Gynecological Problems?                                  NO
Does Inmate Have any Other Medical Problems Mobility Restricted in any Way
     Due to Deformity or Injury?                                         NO
Do you Have Health Insurance?                                            NO
Has Health Appraisal Been Completed?                                     NO
Have You Had Any Seizures?                                               NO
Have You Had Blood Thinners?                                             NO
Additional Comments: PREGNANT

This is a complete and accurate description of my current health and I also
consent to emergency medical treatment.

Inmate signature  _____

Officer Signature _____
```

Exhibit
7

VCJ 000037

Exhibit
9

**VERMILION COUNTY PUBLIC SAFETY BUILDING**

CELL CHECK - THIRD FLOOR - NORTH - SHIFT

DATE 4-5-14

C/O _____ Off AT 11:00p    C/O _____ On AT 11:00p

TOTAL NUMBER OF INMATES _____



| TIME | INITIALS | CELL BLOCKS | | | | | | TEMPERATURES | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11:00 | | A-7 | B-2 | C-2 | D-2 | E-14 | W/R-0 | -5 | 36 | -15 | 38 |
| 11:30 | | A | B | C | D | E | W/R | -5 | 36 | -15 | 38 |
| 12:00 | | A | B | C | D | E | W/R | -5 | 36 | -15 | 38 |
| 12:30 | | A | B | C | D | E | W/R | -5 | 36 | -15 | 38 |
| 1:00 | | A | B | C | D | E | W/R | -5 | 36 | -15 | 38 |
| 1:30 | | A | B | C | D | E | W/R | -5 | 36 | -15 | 38 |
| 2:00 | | A | B | C | D | E | W/R | -5 | 36 | -14 | 38 |
| 2:30 | | A | B | C | D | E | W/R | -5 | 36 | -15 | 38 |
| 3:00 | | A-7 | B-2 | C-2 | D-2 | E-14 | W/R | | | | |
| 3:30 | | A | B | C | D | E | W/R | 1 | 2 | 3 | 4 |
| 4:00 | | A | B | C | D | E | W/R | 1 | 2 | 3 | 4 |
| 4:30 | | A | B | C | D | E | W/R | 1 | 2 | 3 | 4 |
| 5:00 | | A | B | C | D | E | W/R | | 2 | 3 | 4 |
| 5:30 | | A | B | C | D | E | W/R | | 2 | 3 | 4 |
| 6:00 | | A | B | C | D | E | W/R | | 2 | 3 | 4 |
| 6:30 | | A | B | C | D | E | W/R | 1 | 2 | 3 | 4 |
| | | A | B | C | D | E | W/R | 1 | 2 | 3 | 4 |

```
Run: 12-MAR-2017  9:35    VERMILION CO SHERIFF DEPT              Page:    1

JBS06 - Run By: M BARRETT

Agency: 0V                 J A I L   M A N A G E M E N T
                                   Booking  Form
```

```
Booking No:000000058292 Local ID No:000000048121-021 NCIC:      Adult/Juv: A
FBI Number:                 State ID No:              Arr Agency: DANVILLE
Booking Date: 04/02/2014  Booking Time: 10:42       Officer: KUEMMERLE,LINDSEY
Report No: 0002014*2796   Photo Number: 00048121    Other Number:
```

Name: JOHNSON,FARRAH M        DOB: 03/17/1984 Alias:

Photo Date: 04/02/2014

 

```
Address:    107 DAVIS               D   DANVILLE    ,IL 61832
Zip:61832    Phone: (773) 629-4442  Sex: F  Race: B  Origin: B  Marr Stat:
Hgt: 505  Wgt: 190  Hair: BLK  Eyes: BRO  SSN: 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  Photo: Y  Prints: Y
Birthplace: US/CHICAGO      /IL Drv Lic:                Bin#:
Old SMT:                        Laundry:                REC.:
SMT: Back NOT APPTICABLE UNKNOWN,
SMT: Leg, left, nonspecific NOT APPTICABLE UNKNOWN,
SMT: Neck NOT APPTICABLE UNKNOWN,
SMT: Wrist, right NOT APPTICABLE UNKNOWN,
```

*Exhibit 8* (handwritten)

```
              <---- MISCELLANEOUS BOOKING INFORMATION ---->
Attorney:
Employer:                      Occupation:
Emp Add:                              Emp Phone: (   )   -
Next of Kin: JOHNSON,SARAH          Phone: (773) 629-4442
    Relation: Unknown Code
Address:    102NCALIFORNIA                Bail Amt:      $5,000.00 %
Cell Block:     Cell Number:         Sentenced By:
```

```
              <---- EMERGENCY CONTACT INFORMATION ---->
Name:    UNKNOWN,CONTACT              Telephone Number:      -   -
Address:                             Relationship:
```

```
              <---- ARREST INFORMATION ---->
Arr Officer: 00000MOODY              Arrest Date-Time: 04/02/2014 - 1015
Disposition: ARRESTED/HELD FOR PROSECUTION    Disposition Date: 04/02/2014
Arrest Location:                     Warrant Number:
```

```
              <---- CHARGE(S) ---->
    Charge    Disposition  Court Date  Warrant Number    Bail Amount
WARRANT/ARREST    ARRESTED/HELD                       -$   5,000.00 %
VIOLATION ORDER PR ARRESTED/HELD                      -$       0.00
Comments: NO CHARGES FILED

INSTITUTIONAL/SERV ARRESTED/HELD                      -$       0.00 NB
Comments: SENTENCED 180 DAYS CONTEMPT OF COURT
```

```
                           Total Bail:        $0.00
```

    I Certify that all information given by me, including Health information,
is true and complete to the best of my knowledge.

    I have received a copy of the Inmate Handbook.

Signed: _____    Witness: _____

Run: 15-MAR-2017  9:45     ARROW AMBULANCE                                    Page:   1

CFS33 (Ver: 12.10.10) - Run By: JAGGERS,TRAVIS

### C A P S

*AGENCY: 05*              *CALLS FOR SERVICE BY EVENT NUMBER*

          **Event Number: 201400001631   Date Reported: 04/06/2014**

---

How Recvd: PHONE        Dispatched As: AMBUL/RESCUE
Report No:              Call On-Scene: AMBUL/RESCUE

Name Type:                      Per/Bus Name:

House #: 0000002    Str: E SOUTH                       Apt #:

City: DANVILLE      St: IL    Zip: 61932       Ph #: (   )       -

Complainant Address:

Patrol: MEDIX AMBULANCE              Grid: 2-222 E MAIN

Addl Unit Asgn: 0    Shift: SHIFT CODES              Ent From: ECAD

Comp Taker: PORCH,WENDY              Dispatcher: PORCH,WENDY

Response: EMERGENCY              Disposition: COMPLETED

Comments: MEDX ADV

Remarks: JOHNSON,FARRAH  IN LABOR  8 MOS  3RD FLOOR

Reportable:      Tag No:

Tag State:      Make:              Model:              Year:

Color:              Bus Name: PSB

Race:    Sex:    No Occupants:      Probable Cause:

---

Responding Unit Info

Unit:Unknown Code              Type:
Id:MEDIX AMBULANCE              Action:
Responded From:              Date:04/06/2014
Times:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Alarm | 04:57:20 | Dispatch | 04:58:05 | Responded | 04:58:14 | Arrived | 04:58:14 |
| AtPatient | 00:00:00 | Trauma Al | 00:00:00 | Enr Hosp | 00:00:00 | Enr Jail | 00:00:00 |
| At Jail | 00:00:00 | Enr City | 00:00:00 | At City | 00:00:00 | At Hosp | 00:00:00 |
| Enr Sta | 00:00:00 | Clear | 04:58:14 | Determined | 04:57:23 | Action | 04:57:46 |

---

Exhibit 10

VCJ 000046

MEDICAL

POLICY

To establish procedures for an adequate corrections health program.

1.  Sick call will be held Monday through Friday mornings.

2.  An individual record will be maintained for each person receiving medication with starting date, time, kind of medication and/or medical services rendered and signature of the correctional officer.

3.  The correctional officer dispensing medication will ensure that the resident actually takes the medication delivered and will positively identify the resident to assure it is given to the resident for whom it is prescribed.

4.  All medication will be safely restored under lock and key and completely out of reach of residents.

5.  No personal medication on the person of the resident at the time of booking will be dispensed to the resident. The correctional officer must consult with the jail physician or jail nurse to determine the resident's precise need for such medication.  The physician or nurse, for the Sheriff's Department, must approve all medication given to residents.

6.  Emergency medical supplies will be checked weekly by each shift supervisor.

7.  A resident with a communicable disease will be segregated from other residents.

8.  The Public Health Department will be contacted by the Sheriff, physician, nurse or Captain in the center whenever necessary.

9.  In case of an emergency, such as a diabetic, heart patient, etc., and the Correctional Center's physician is not available, the resident will be taken to the hospital emergency room.


Exhibit
11

R-49

VCJ 000044

04/04/14

# SHERIFF'S DEPT - JAIL INMATE LIST
## THIRD FLOOR - NORTH

| CELL | INMATE | IN | CELL | INMATE | IN | CELL | INMATE | IN |
|------|--------|----|------|--------|----|------|--------|----|
| | FEMALE | | | FEMALE | | | 3RD FLOOR DORM | |
| A-25 | | | E-40 | WELLS, PENNY J. | 01-06-14 | 1. | | |
| A-25 | STRONG, ANGEL D. * | 03-03-14 | E-41 | FANNIN, KAYLIA E. | 01-16-14 | 2. | | |
| A-26 | MAKOWSKI, ALISA R. # | 03-27-14 | E-41 | BROCKETT, K LA J. | 11-13-13 | 3. | | |
| A-26 | KONOW, SAMANTHA J. | 03-25-14 | E-43 | ZARATE, ANGELA M. | 03-22-14 | 4. | | |
| A-27 | | | E-43 | FORD, VICKI L. | 11-29-13 | 5. | | |
| A-27 | ROGERS, MELISSA R. # | 04-03-14 | E-45 | | | 6. | | |
| A-28 | | | E-45 | CLOYD, LOREAL L. | 02-05-14 | 7. | | |
| A-28 | LEIGH, WENDY M. # | 02-21-14 | E-46 | | | 8. | | |
| A-29 | | | E-46 | WILSON, GABRIELLE A. | 08-28-13 | 9. | | |
| A-29 | CABRERA, AMANDA G. | 03-21-14 | E-47 | MCKINNEY, SARAH B. | 03-08-14 | 10. | | |
| A-30 | | | E-47 | PRESTON, AMBER M. | 02-05-14 | 11. | | |
| A-30 | SEARCY, CANDACE R. | 03-30-14 | E-48 | JOHNSON, FARRAH M. | 04-02-14 | 12. | | |
| A-32 | | | E-48 | HOWARD, SHAVALA M. | 10-12-13 | 13. | | |
| A-32 | ROWE, CRYSTAL Y. | 04-01-14 | E-49 | | | 14. | | |
| | | | E-49 | SHAW, MERIBETH NMI. | 01-17-14 | 15. | | |
| | | | E-50 | IRONS, TABITHA M. | 03-31-14 | 16. | | |
| | FEMALE | | E-50 | LONG, ANGEL D. | 02-27-14 | 17. | | |
| B-20 | | | E-51 | | | 18. | | |
| B-20 | MILLS, JILL  (LL) | 04-03-14 | E-51 | | | 19. | | |
| B-21 | | | E-52 | | | 20. | | |
| B-21 | | | E-52 | | | 21. | | |
| B-23 | | | E-53 | | | 22. | | |
| B-23 | TUCKER, JENNIFER (LL) | 04-03-14 | E-53 | | | 23. | | |
| | | | E-54 | | | 24. | | |
| | | | E-54 | | | | | |
| | FEMALE | | E-55 | | | | | |
| C-69 | | | E-55 | | | | | |
| C-69 | | | E-56 | | | | | |
| C-70 | | | E-56 | | | | | |
| C-70 | BROWN, SHANNON D. | 10-02-13 | | | | | | |
| C-71 | | | | | | | TRANSPORT TO D.O.C. | |
| C-71 | | | | BOOK IN - LOWER LEVEL | | | | |
| | | | 1. | JOHNSON, JOHN (4TH FLR) | | 1. | JOHNSON, TRENTON *(DOC)* | |
| | | | 2. | TUCKER, KENNETH | | 2. | FINCH, EDWARD *(DOC)* | |
| C-64 | | | 3. | BLUE, JERRY | | 3. | HALEY, TREVARIUS *(DOC)* | |
| C-64 | | | 4. | BROOKS, JOHNNY | | 4. | FLORES, JOSEPH *(DOC)* | |
| C-65 | | | 5. | PHILLIPS, EDWARD | | 5. | ROBINSON, JAWAN *(DOC)* | |
| C-65 | | | 6. | JESSUP, DONALD | | | | |
| C-66 | | | 7. | MILLS, TYLON | | | | |
| C-66 | BEASLEY, ANTHONY R. | 11-19-13 | 8. | | | | | |
| | | | 9. | | | | | |
| | | | 10. | | | | | |
| | TRUSTEES | | 11. | | | | | |
| D-59 | | | 12. | | | | | |
| D-59 | | | 13. | | | | | |
| D-61 | | | 14. | | | | | |
| D-61 | GILLESPIE, AARON M. [T] | 12-18-14 | 15. | | | | | |
| D-62 | | | 16. | | | | | |
| D-62 | MARTINICO, JOSEPH R. [T] | 08-10-13 | 17. | | | | | |

Exhibit 12

VCJ 000041

## EMERGENCY SITUATIONS

### SICKNESS

Any officer on duty, seeing or being notified of a resident becoming unusually ill, will notify the shift supervisor.

1.   Notify an ambulance if necessary.

2.   Notify the hospital when a resident is on the way and from observation, describe any unusual actions, color, etc., of the resident.

3.   Upon the arrival of the ambulance, a sworn deputy or correctional officer will accompany the resident in the ambulance to the hospital, regardless of the section of the center in which the resident has been incarcerated.

4.   If the resident is admitted to the hospital, the deputy or correctional officer will notify the Sheriff's office and stay with the resident until relieved by proper authority.

Exhibit 13

04/03/14

# SHERIFF'S DEPT - JAIL INMATE LIST
## THIRD FLOOR - NORTH

| CELL | INMATE | IN | CELL | INMATE | IN | CELL | INMATE | IN |
|------|--------|----|------|--------|----|------|--------|----|
| | FEMALE | | | FEMALE | | | 3RD FLOOR DORM | |
| A-25 | | | E-40 | WELLS, PENNY J. | 01-06-14 | 1. | | |
| A-25 | STRONG, ANGEL D. * | 03-03-14 | E-41 | FANNIN, KAYLIA E. | 01-16-14 | 2. | | |
| A-26 | MAKOWSKI, ALISA R. # | 03-27-14 | E-41 | BROCKETT, K LA J. | 11-13-13 | 3. | | |
| A-26 | KONOW, SAMANTHA J. | 03-25-14 | E-43 | ZARATE, ANGELA M. | 03-22-14 | 4. | | |
| A-27 | | | E-43 | FORD, VICKI L. | 11-29-13 | 5. | | |
| A-27 | | | E-45 | KEYS, JESSICA R. | 03-13-14 | 6. | | |
| A-28 | | | E-45 | CLOYD, LOREAL L. | 02-05-14 | 7. | | |
| A-28 | LEIGH, WENDY M. # | 02-21-14 | E-46 | | | 8. | | |
| A-29 | | | E-46 | WILSON, GABRIELLE A. | 08-28-13 | 9. | | |
| A-29 | CABRERA, AMANDA G. | 03-21-14 | E-47 | MCKINNEY, SARAH B. | 03-08-14 | 10. | | |
| A-30 | | | E-47 | PRESTON, AMBER M. | 02-05-14 | 11. | | |
| A-30 | SEARCY, CANDACE R. | 03-30-14 | E-48 | | | 12. | | |
| A-32 | | | E-48 | HOWARD, SHAVALA M. | 10-12-13 | 13. | | |
| A-32 | ROWE, CRYSTAL Y. | 04-01-14 | E-49 | | | 14. | | |
| | | | E-49 | SHAW, MERIBETH NMI. | 01-17-14 | 15. | | |
| | | | E-50 | IRONS, TABITHA M. | 03-31-14 | 16. | | |
| | FEMALE | | E-50 | LONG, ANGEL D. | 02-27-14 | 17. | | |
| B-20 | | | E-51 | | | 18. | | |
| B-20 | JOHNSON, FARRAH (LL) | 04-02-14 | E-51 | | | 19. | | |
| B-21 | | | E-52 | | | 20. | | |
| B-21 | MILLER, DEANA  (LL) | 04-02-14 | E-52 | | | 21. | | |
| B-23 | | | E-53 | | | 22. | | |
| B-23 | TUCKER, JENNIFER (LL) | 04-03-14 | E-53 | | | 23. | | |
| | | | E-54 | | | 24. | | |
| | | | E-54 | | | | | |
| | FEMALE | | E-55 | | | | | |
| C-69 | | | E-55 | | | | | |
| C-69 | | | E-56 | | | | | |
| C-70 | | | E-56 | | | | | |
| C-70 | BROWN, SHANNON D. | 10-02-13 | | | | | | |
| C-71 | | | | | | | | |
| C-71 | | | | BOOK IN - LOWER LEVEL | | | | |
| | | | 1. | JOHNSON, JOHN (4TH FLR) | | | | |
| | | | 2. | WEST, MADRIAN | | | | |
| C-64 | | | 3. | CIRASUOLO, ROLLIE | | | | |
| C-64 | | | 4. | IRWIN, MICHAEL | | | | |
| C-65 | | | 5. | MILLER, LONNIE | | | | |
| C-65 | | | 6. | WILSON, CHARLES | | | | |
| C-66 | | | 7. | LENOVER, MICHAEL | | | | |
| C-66 | BEASLEY, ANTHONY R. | 11-19-13 | 8. | TUCKER, KENNETH | | | | |
| | | | 9. | | | | | |
| | | | 10. | | | | | |
| | TRUSTEES | | 11. | | | | | |
| D-59 | | | 12. | | | | | |
| D-59 | DUGLE, TREY S. [T] | 03-30-14 | 13. | | | | | |
| D-61 | | | 14. | | | | | |
| D-61 | | | 15. | | | | | |
| D-62 | | | 16. | | | | | |
| D-62 | MARTINICO, JOSEPH R. [T] | 08-10-13 | 17. | | | | | |

Exhibit 14

*MY only copy* (handwritten)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| FARRAH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  16-cv-2019 |
| | ) | |
| v. | ) | Judge Colin Stirling Bruce |
| | ) | |
| LAURIE BERNARDI, et al., | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COME Defendants, LAURIE BERNARDI and NICOLE ROUSE, by and through their attorneys, MICHAEL W. CONDON and ANTHONY G. BECKNEK of HERVAS, CONDON & BERSANI, P.C., and for their Response to Plaintiff's Second Request for Production of Documents served on February 6, 2017, states as follows:

1.     Any and all documents such as the medical screening of the plaintiff Farrah Johnson when she was booked into the Vermilion County Jail on 4-2-14.

**RESPONSE: Defendants have already produced Plaintiff's medical records related to this incident.  See bates-stamped documents Nos. 1-25.  Defendants are producing the booking form for Plaintiff and the initial medical intake form for Plaintiff dated April 2, 2014.  See bates-stamped documents 37-38.**

2.     Any and all documents such as camera video footage of the booking area at the Vermilion County Jail the time and date Plaintiff Farrah Johnson was processed in [*sic*] 4-2-14.

**RESPONSE: Any video footage from the booking area on April 2, 2014 no longer exists because the video footage is taped over approximately every 30 days in accordance with the practice of the Sheriff's Department.**

*Exhibit No. 15* (handwritten)

3.     Any and all documents such as camera video footage the morning the alleged incident took place at the Vermilion County Jail involving the plaintiff Farrah Johnson on E-Block at 4:30 AM 4-6-14.

**RESPONSE:** **None.**

4.     Any and all documents such as the Vermilion County Jail sign in booklet that officers or visitors has [*sic*] to sign their names in when entering the Vermilion County Jail, including the paramedics who came and provided the Plaintiff Farrah Johnson medical treatment 4:30 AM 4-6-14.

**RESPONSE:** **Defendants object to Request No. 4 because it is vague, confusing, and irrelevant to Plaintiff's claims.  Without waiving said objection, no such "sign in sheet" exists.**

5.     Any and all documents related to the Plaintiff Farrah Johnson being incarcerated at the Vermilion County Jail, and related to the allege [*sic*] incident that took place involving the Plaintiff Farrah Johnson 4-6-14.

**RESPONSE:** **See Defendants Rule 26 Disclosures and those documents previously produced, bates stamped Nos. 1-36.**

6.     Any and all documents such as any camera video footage related to the plaintiff Farrah Johnson from 4-2-14 to 4-6-14, while she was incarcerated in the Vermilion County Jail on E-Pod.

**RESPONSE:** **None.**

7.     Any and all documents such as inmates check count monitor from the Vermilion County Jail correctional officer inmate county check from 1:00 AM to 5:00 AM 4-6-14.

**RESPONSE:** **Defendants are producing the cell check sheet for the third floor at the jail covering the time period from 11:00 p.m. on April 5, 2014 to 6:30 a.m. on April 6, 2014.  See bates-stamped document, No. 39.**

2

8.     Any and all documents such as video footage at the Vermilion County Jail of E-Block where Plaintiff Farrah Johnson was housed at doing [*sic*] her incarceration, from 4-2-14 to 4-6-14.

**RESPONSE: None.**

9.     Any and all documents such as the Vermilion County Jail inmate count list with each inmate cell and name that were housed on E-Pod with the Plaintiff Farrah Johnson 4-2-14 through 4-6-14.

**RESPONSE:** **Defendants are producing the jail inmate list for the time period covering April 3, 2014 – April 6, 2014, which includes those inmates housed in E-Pod with Plaintiff.  See bates-stamped documents, Nos. 40-43.**

10.     All policies regarding, On-call nurses, First Responders, nurses, Professional Associates (medical), Emergency response situations/Procedures regarding women in labor, All information regarding Immediate Medical relief response procedures. [*sic*]

**RESPONSE:** **Defendants are producing the Medical Policy and the Emergency Situations Policy of the Department.  See bates-stamped documents, Nos. 44-45.**

11.     Any and all request slips and grievances made against Defendant Nicole Rawls AND Defendant Benardi. As well as any and all disciplinary actions taken against Defendant Bernardi and Rawls. [*sic*]

**RESPONSE:** **Defendants object to Request No. 11 because said request is vague, confusing, over-broad and burdensome.  With respect to any discipline against Correctional Officers Bernardi and Rouse, Defendants object on relevancy grounds and affirmatively state that COs Bernardi and Rouse have never been disciplined for failing to provide medical treatment to an inmate.**

12.     Any and all Telephone, Dispatch calls that were recorded and made from April 4, 2014 to April 6, 2014.

My
only
Copy

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

FARRAH JOHNSON,                )
                              )
  Plaintiff,        )  Case No.  16-cv-2019
                              )
  v.                 )  Judge Colin Stirling Bruce
                              )
LAURIE BERNARDI, et al.,       )  **JURY DEMAND**
                              )
  Defendants.         )

## DEFENDANT KEVIN MASKEL'S
## ANSWERS TO PLAINTIFF'S INTERROGATORIES

NOW COMES KEVIN MASKEL, by and through his attorneys MICHAEL CONDON

and ANTHONY BECKNEK of HERVAS, CONDON & BERSANI, P.C., and for his Answers

to Plaintiff's Interrogatories states as follows:

  1. What is the defendant name, staff, and duties please explain answer:  [*sic*]

**ANSWER:** **Sgt. Kevin Maskel is a supervisor at the Vermilion County Jail.**

  2. How long has the defendant been employed as a correctional officer at the

Vermilion County Jail please explain answer:  [*sic*]

**ANSWER:** **Sgt. Maskel has been employed as a correctional officer with the Vermilion County Sheriff's department for 22 years.  He has been a sergeant for 18 years.**

  3. does the defendant has any training experience when it comes to assistening or

properly handling a pregnant woman. please explain answer:  [*sic*]

**ANSWER:** **Sgt. Maskel has basic first aid training, CPR training, and AED training.**

  4. has the defendant ever been in any other situation beside with the plaintiff where the

defendant had to assist a pregnant woman please explain answer:  [*sic*]

**ANSWER:** **No.**



Exhibit 16

5.      doing the defendant has any training or experience when it comes to assisting a

pregnant woman when she's in labor and giving birth.  Please explain answer:  [*sic*]

**ANSWER:    See Defendant's answer to interrogatory No. 3.  Sgt. Maskel does not
have any specialized training in assisting a pregnant woman who is
giving birth.**

6.      does the defendant remember the morning of 4-6-14 when female Farrah Johnson

gave birth in the Vermilion County Jail cell E-48.  please explain answer:  [*sic*]

**ANSWER:    Yes.  See Sgt. Maskel's report regarding the incident.** But they
want explain

7.      how did the defendant assist the plaintiff medically once you was made aware of

her going into labor.  please explain answer:  [*sic*]

**ANSWER:    Sgt. Maskel contacted the communications department and requested
that an ambulance be sent to the Public Safety Building to provide
medical assistance to Plaintiff.**

8.      did the defendant give the plaintiff Immediately medical assistance the morning of 4-

6-14.  please explain answer:  [*sic*]

**ANSWER:    Yes, Sgt. Maskel contacted the communications department to request
an ambulance once Correctional Officer Bernardi advised Sgt. Maskel
that Plaintiff was having her baby.**

9.      how long did it take for the defendant to call the ambulance for the plaintiff while she

was in labor the morning of 4-6-14.  please explain answer:  [*sic*]

**ANSWER:    Immediately.**

10.      could the defendant please explain what are the procedures at the Vermilion County

Jail for females pregnant inmates.  please explain answer:  [*sic*]

**ANSWER:    Defendant objects to interrogatory No. 10 on the grounds that the
question is vague and confusing.  Without waiving said objection, the
medical department at the jail treats pregnant inmates, and an
ambulance will be called for a pregnant inmate if there is a medical
emergency.**

11.     did the defendant follow the proper Vermilion County Jail procedures for the female pregnant inmates the morning of 4-6-14 when the allege incident happen involving the plaintiff. please explain answer:  [*sic*]

**ANSWER:**  **Yes.**

12.     how come it took the defendant thirty minutes or more before the defendant decided to call for ambulance assistance after you heard over the radio the plaintiff gave birth in the Jail.  please explain answer:  [*sic*]

**ANSWER:**     **It did not take Sgt. Maskel thirty minutes to call an ambulance for Plaintiff once he was advised that Plaintiff was giving birth.**

13.     as a sergantent at the Vermilion County Jail could the defendant say all correctional officers at the Vermilion County Jail are properly trained and have experience when it comes to medically assisting or and properly handling pregnant female inmates at the Jail when they are in labor.  please explain answer:  [*sic*]

**ANSWER:**     **All correctional officers receive first aid training and CPR training during their training at the Correctional Officer's Academy.**

14.     why didn't the defendant go the plaintiff cell personally after being made aware of the alleged incident the morning of 4-6-14 at the Vermilion County Jail involving the plaintiff. please explain answer:  [*sic*]

**ANSWER:**     **Sgt. Maskel was being kept apprised of Plaintiff's status by female Correctional Officers Laurie Bernardi and Nicole Rouse.**

15.     could the defendant say was the alleged incident the morning of 4-6-14 at the Vermilion County Jail a serious medical need for medical assisting involving the plaintiff.  please explain answer:  [*sic*]

**ANSWER:**     **Yes, and Sgt. Maskel called an ambulance for Plaintiff.**

3

16.    why didn't the defendant as being the supervisor go and personally assist the plaintiff the morning of 4-6-14 at the Vermilion County Jail after first being made aware of the alleged incident. please explain answer: [*sic*]

**ANSWER:**    **Sgt. Maskel was kept advised of Plaintiff's status by female Correctional Officer Bernardi, and Plaintiff was assisted in the delivery of her baby by female Correctional Officer Nicole Rouse.**

17.    could anybody else as being a correctional officer at the Vermilion County Jail the morning of the alleged inicdent 4-6-14 once made aware of the alleged incident called for medical or ambulance assistance. please explain answer: [*sic*]

**ANSWER:**    **If there is a medical emergency, any correctional officer can call for an ambulance for an inmate.**

18.    could the defendant say rather or not was there any medical staff on duty the morning of 4-6-14 at the Vermilion County Jail the moment of the alleged incident involving the plaintiff. please explain answer: [*sic*]

**ANSWER:**    **There was not any medical staff on duty at the jail at 4:30 a.m. on April 6, 2014.**

19.    could the defendant say rather or not did the plaintiff Farrah Johnson give birth to her baby while in custody at the Vermilion County Jail the morning of 4-6-14 in cell E-48. please explain answer: [*sic*]

**ANSWER:**    **Yes.**

20.    could the defendant say rather or not did any Vermilion County Jail correctional officer the morning of 4-6-14 give any medical assistance to the plaintiff before she gave birth in the Jail. please explain answer: [*sic*]

**ANSWER:**    **Correctional Officer Bernardi spoke with Plaintiff on a few occasions on the morning of April 6, 2014. Correctional Officer Rouse assisted Plaintiff in delivering her baby.**

21.    could the defendant explain or produce to the plaintiff any Vermilion County Jail procedures showing or explaining how offen correctional officers at the Vermilion County Jail are

4

trained to handling pregnant female inmates at the Jail.  please explain and also produce answer:

[*sic*]

**ANSWER:** **Correctional Officers are trained to contact a supervisor if there is a particular medical issue involving a pregnant inmate.**

22.    how long was the defendant aware of the plaintiff Farrah Johnson being pregnant and how familiar was you with the Plaintiff.  please explain answer:  [*sic*]

**ANSWER:** **Sgt. Maskel became aware that Plaintiff was pregnant on the morning of April 6, 2014.**

23.    was the defendant aware of any complaints that the plaintiff was making before the morning of 4-6-14.  please explain answer:  [*sic*]

**ANSWER:** **No.**  *A Lie*

24.    could the defendant say rather or not could the alleged incident the morning of 4-6-14 at the Vermilion County Jail been avoided if the proper procedures been created or embrace. for pregnant female inmates of the Jail.  please explain answer:  [*sic*]

**ANSWER:** **No.**  *A Lie*

25.    would the defendant say that he failed only to delay to give the plaintiff immediately medical assistance the morning of 4-6-14 at the Vermilion County Jail.  please explain answer:  [*sic*]

**ANSWER:** **No.  Sgt. Maskel contacted communications and asked them to call for an ambulance once he was advised that Plaintiff was delivering her baby.**

Respectfully submitted,

MICHAEL W. CONDON, *one of the attorneys for Defendant Kevin Maskel*

MICHAEL W. CONDON
ANTHONY G. BECKNEK
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774   F: 630-773-4851
mcondon@hcbattorneys.com
abecknek@hcbattorneys.com

5

united state District court
central District of ILLinois

farrah Johnson
Plaintiff
V.
Nicole Rouse
Laurie A.K. Bernardi
Kevin Maskel

Civil No: 16-cv-2019
Judge: Colin Stirling Bruce

Exhibit
17

Plaintiff third request for Productions of
documents to the defendants

now comes Plaintiff farrah Johnson By
and through prose and pursuant to
federal Rule civil procedures 34, serves
upon the defendants the following request
for production of documents to be answered
within thirty(30) days

1, any and all documents to be produced
from the defendants nicole Rouse
personnel files such as incident reports
pertaining to the alleged incident 4-6-14
at the vermilion county jail involving
the plaintiff.

1of1

2, any and all documents produced from the defendant nicole Rouse personnel files indicating in any incident report written by the defendant nicole Rouse that she help deliver the ~~the~~ Plaintiff baby 4-6-14.

3, any and all documents to be produced from the vermilion county Jail or and vermilion ~~cou~~ county Sheriff department personnel files of any such report written from any defendant in this matter indicating nicole Rouse help deliver the plaintiff baby 4-6-14.

4, Any and all documents to be produced from the ~~the~~ vermilion county Jail or and vermilion county Sheriff department personnel files ~~of the~~ of any misconduct reports written against the defendants nicole Rouse, Kevin Maskel Laurie Bernardi from 2014 march to march 2017.

5, any and all documents to be produce from the vermilion county Jail or and the

1 of 2

FliP 1

Vermilion county Sheriff department of any sanccation or days off or recommandtions reports filed against the defendants by any employee or and supervisor located in the personnel files from march 2014 thru march 2017. Nicole Bouse, Kevin Mashel, Laurie Bernardi.

6) any and all documents to be produced from the vermilion county Jail or and vermilion county sheriff department personnel files the schedule work days and overtime days of the defendants Nicole Bouse and Laurie Bernardi 4-2-14 thru 4-6-14

7) any and all documents to be produced from the vermilion county Jail or and vermilion county Sheriff department personnel files or any report written by nicole bouse about the incident involving the plaintiff at the vermilion county Jail 4-6-14

Date:_____          Sign:_____

1 of 3

8) any and all documents to be produced from the vermilion county Jail and or vermilion county sheriff department personnel files the names and phone numbers of the unknown paramedics I have listed as witness in my federal Rule of civil Prod Procedures 26c(a)(1) initial Disclosure Statement.

9) any and all documents to be produced from the vermilion county Jail and or vermilion county sheriff department personnel files of the known addresses and Phone number of each individual I have listed as witnesses in my federal Rule of civil procedures 26c(a)(1) initial Disclosure Statement, from number 5 thru 16

Date: 6/1/17

Sign: Farrah m. Jahadan

1 of 4

united State District court
Central District of ILLinois

farrah Johnson
Plaintiff
V
Nicole Rouse
Laurie A.K. Bernardi
Kevin maskel
Defendants

civil No: 16-CV-2019
Judge: Colin Stirling Bruce

# Exhibit
## 18

## Plaintiff Federal Rule of civil Procedure 26(a)(1) INitial Disclosure statement

Now comes Plaintiff farrah Johnson By and through prose and pursuant to the disclosure requirments of federal Rule of civil procedure 26(a)(1) Makes the following initial disclosures:

A. the name and, if Known the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support it's claims or defense:

1 of 1

1, farrah Johnson (Plaintiff)
102 N. california st
Danville, IL 61832

farrah Johnson is likely to have knowledge
concerning her education, she further likely
to have knowledge regarding her observation,
communications, and interactions with the
defendants doing her incarceration at the
vermilion county Jail. and other Issue's
with respect to claims asserted in this
case. 4-2-14 thru 4-6-14


2, Nicole Rouse (Defendant)
2 E. south street
Danville, IL 61832

Nicole Rouse is likely to have knowledge
concerning her education, Training and
experience as a correctional officer at
the vermilion county Jail. She is further
likely to have knowledge regarding her
Observation, communications, and interactions
with Plaintiff doing her incarceration at
the vermilion county Jail. and other Issue's
asserted in this case. 4-2-14 thr 4-6-14
                    1 of 2

3, Laurie Bernardi (Defendant)
2.E. South street
Danville, IL 61832

Laurie Bernardi is likely to have knowledge
concerning her education, training and exper-
ience as a correctional officer at the
vermilion county Jail. She further likely
to have knowledge regarding her observation,
communications, and interactions with the
Plaintiff doing her incarceration at the
vermilion county Jail. and other Issue's
with respect to claims asserted in this
case. 4-2-14 thr 4-6-14

4, Shavala Howard (witness)
2.E. South street
Danville, IL 61832

Shavala Howard is likely to have knowledge
concerning her education, She further likely
to have knowledge regarding her observation,
communications, and interactions, as the
plaintiff cellmate and delivering the plaintiff's
baby. doing her incarceration at the vermilion
county Jail. and other Issue's with respect
1 of 3

to claims asserted in this case. 4-2-14 thru 4-6-14

5, Penny J. wells (witness)
2. E. South Street
Danville, IL 61832

Penny J. wells is likely to have knowledge
concerning her education she further likely
to have knowledge regarding her observation,
communications, and interactions with the
Plaintiff during her incarceration at the
vermilion county Jail. and other Issues
with respect to claims asserted in
this case.  4-2-14 thru 4-6-14

4) Kaylia E. fannin (witness)
2 E. South Street
Danville, IL 61832

Kaylia E. fannin is likely to have knowledge
concerning her education, she further likely
to have knowledge regarding her observation,
communications, and interactions, with
the plaintiff during her incarceration at the
vermilion county Jail. and other Issues
with respect to claims asserted in this case.
4-2-14 thru 4-6-14 1 of 4

7, KLa J. Brockett (witness)
2. E. South Street
Danville, IL 61832

KLa J. Brockett is likely to have knowledge
concerning her education She further likely
to have knowledge regarding her observation,
communications, and interactions with the
Plaintiff during her incarceration at the
vermilion county Jail. and other Issues
with respect to claims asserted in this
case. 4-2-14 thru 4-6-14

8, Angela M. zarate (witness)
2. E. South Street
Danville, IL 61832

Angela M. Zarate is likely to have knowledge
concerning her education, she further likely
to have knowledge regarding her observation,
communications, and interactions with the
Plaintiff during her incarceration at the
vermilion county Jail. and other Issues
with respect to claims asserted
in this case. 4-2-14 thru 4-6-14

1 of 5

9) Vicki L. ford(witness)
2.E. South Street
Danville, IL 61832

Vicki L. ford is likely to have knowledge
concerning her education, She further
likely to have knowledge regarding her
observation, communications, and inter-
actions, with the plaintiff during her
incarceration at the vermilion county
Jail. and other Issues with respect
to claims asserted in this case.
4-2-14 thru 4-6-14

10) Loreal L. Cloyd(witness)

Loreal L. Cloyd is likely to have knowledge
concerning her education She further likely
to have knowledge regarding her obser-
vation, communications and interactions
with the Plaintiff during her incarceration
at the vermilion county Jail. and other
Issues with respect to claims asserted
in this case. 4-2-14 thru 4-6-14

10 fle

11, Gabrielle A. Wilson (witness)
2. E. South Street
Danville IL 61832

Gabrielle A. Wilson is likely to have Knowledge
concerning her education She further likely
to have Knowledge regarding her observation,
communications, and interactions with
the Plaintiff during her incarceration
at the vermilion county Jail. and other
Issues with respect to claims
asserted in this case. 4-2-14 thru 4-6-14

12, Sarah B. Mckinney (witness)
2. E. South Street
Danville, IL 61832

Sarah B. Mckinney is likely to have
Knowledge concerning her education She
further likely to have Knowledge regarding
her observation, communications, and
interactions, with the Plaintiff during her
incarceration at the vermilion county Jail.
and Other Issues with respect to
Claims asserted in this case.
4-2-14 thru 4-6-14
1 of 7

13, Amber M. Preston (witness)
2, E. South Street
Danville, IL 61832

Amber M. Preston is likely to have knowledge
concerning her education she further
likely to have knowledge regarding her
Observation, communications, and interactions
with the Plaintiff during her incarceration
at the vermilion county Jail. and other
Issues with respect to claims asserted
in this case. 4-2-14 thru 4-6-14

14, Meribeth Shaw (witness)
2, E. South Street
Danville, IL 61832

Meribeth Shaw is likely to have knowledge
Concerning her education she further likely
to have knowledge regarding her observation,
communications, and interactions with the
Plaintiff during her incarceration at
the vermilion county Jail. and other
Issues with respect to claims
asserted in this case. 4-2-14 thru 4-6-14

1 of 8

15. Tabitha M. Irons (witness)
2.E. South Street
Danville, IL 61832

Tabitha M. Irons is likely to have know-
ledge concerning her education She
further is likely to have knowledge
regarding her observation, communications,
and interactions with the plaintiff
during her incarceration at the vermilion
County Jail. and other Issue's with
respect to claims asserted in this
case.  4-2-14 thru 4-6-14

16. Angel D. long (witness)
2.E South Street
Danville, IL 61832

Angel D. long is likely to have knowledge
concerning her education She further likely
to have knowledge regarding her
observation, communications, and
interactions with the plaintiff during her
incarceration at the vermilion County Jail.
and other Issue's with respect to claims
asserted in this case. 4-2-14 thru 4-6-14
1 of 9

17) M. Barrett (witness)
2.E South Street
Danville, IL 61832

M. Barrett is likely to have knowledge
concerning his education, and training
experience as a correctional officer at
the vermilion county Jail. he further likely
to have knowledge regarding his observation,
communications, and interactions with the
Plaintiff during her booking process at
the vermilion county Jail 4-2-14. and
other Issues with respect to claims
asserted in this case. 4-2-14 thru 4-6-14

18) Lindsey kuemmerle (Danville Police officer)(witness)
2.E South Street
Danville, IL 61832

Lindsey kuemmerle is likely to have know-
ledge concerning her education, training
experience as a Police officer she further
likely to have knowledge regarding her obser-
vation, communications, and interactions with
the Plaintiff when she was arrested. and other
Issues with respect to claims asserted in this case.
4-2-14 thru 4-6-14) of 10

19, Wendy Porch (Dispatcher) (witness)
Danville, IL 61832

Wendy Porch is likely to have knowledge
concerning her education, training experience
as a dispatcher. She further likely to have
knowledge regarding the plaintiff's situation
4-6-14 at the vermilion county Jail, and
other Issue's with respect to claims
asserted in this case. 4-2-14 thru 4-6-14

20, Henry Johnson (witness)
Reg: 20250026
united States Penitentiary Mccreary
P.o Box 3000
Pine Knot Ky 42635

Henry Johnson is likely to have knowledge
concerning his education he further likely
to have knowledge regarding his observation,
communications, and interactions with the
plaintiff after she was released from the
vermilion county Jail, and other Issue's
with respect to claims asserted in
this case. 4-2-14 thru 4-6-14

10 of 11

21, Sarah J̶o̶h̶n̶s̶o̶n̶ miller (witness)
102 N. California St
Danville, IL 61832

Sarah J̶o̶h̶n̶s̶o̶n̶ miller is likely to have knowledge
concerning her education She further likely
to have knowledge regarding her observation,
communications and interactions with the
plaintiff before and during her incarceration
at the vermilion county Jail and after
her incarceration at the vermilion county
Jail. and other Issues with respect
to claims asserted in this case.
4-2-14 thru 4-6-14

22, Doctor Ibrahim (expert witness)
Presence medical center
Danville, IL 61832

Doctor Ibrahim is likely to have knowledge
concerning his education, training experience
as a doctor he further likely to have know-
ledge regarding his observations, communications
and interactions with the Plaintiff when
She arrived at the Presence medical center.
and other Issues with respect to
claims asserted in this case. 4-2-14 thru 4-6-1

1 0f 12

23, Doctor Raviee (expert witness)
701 logan street
Danville, IL 61832

Doctor Raviee is likely to have knowledge
concerning his education, training experience
as a doctor he further likely to have
knowledge regarding his observations,
communcations and interactions with the
Plaintiff during her doctor vists to him
2014. and other Issues with respect
to claims asserted in this case.
     4-2-14  thru  4-6-14

24, Doctor cynithia walker (expert witness)
Danville, IL 61832

Doctor cynithia walker is likely to have
knowledge concerning her education, training,
experience as a doctor She further likely
to have knowledge regarding her observations,
communcations, and interactions with
the Plaintiff during her vists to her 2014
thru 2016. and other Issues with
respect to claims asserted in this
case.    4-2-14 thru 4-6-14

25, Doctor Ruth Maskow (expert witness)
Alton mental health center

Doctor Ruth maskow is likely to have
Knowledge concerning his education,
training experience as a doctor. He further
likely to have Knowledge regarding his
Observation, communications, and
interactions with the Plaintiff at the
Alton mental health center. and other
Issue's with respect to claims
asserted in this case. 4-2-14 thru 4-6-14

26, Keith Brooks (expert witness)
Crosspoint
Danville, IL 61832

Keith brooks is likely to have Knowledge
Concerning his education he further likely
to have Knowledge regarding his
Observation, communications and inter-
actions with the Plaintiff while providing
counseling to her at cross point, and
other Issue's with respect to
Claims asserted in this case. 4-2-14 thru 4-6-14

Date 8/1/17 10f14 sign: farrahem John
1/1/17

27, unknown Paramedics (witness)
Danville, IL 61832

unknown Paramedics is likely to have
knowledge concerning their education,
training as paramedics they further
likely to have knowledge regarding
their observations, communications,
and interactions with the Plaintiff
during their transporting of the
Plaintiff to the hospital from the
vermilion county Jail 4-6-14. and other
Issues with respect to claims
asserted In this case.

Date: 6/1/17      Sign: Farrah m Jahrar

28, Doctor young (witness)
Christie clinic
Danville, IL

Doctor young is likely to have knowledge
concerning his education, training experience
as a doctor he further likely to have
knowledge regarding his observation
communications, and interactions

1 of 5

with the plaintiff during her incarceration
at the vermilion county Jail, and other
Issue's to respect to claims asserted
in this case.

29, Tim Revello (counsbor)(witness)
cross point Human Services
Danville, IL

Tim Revello is likely to have Knowledge
concerning his education, training
experience as a counselor he further
likely to have knowledge regarding his
observations, communications and inter-
actions with the Plaintiff during counselor
treatment. and other Issue's with
respect to claims asserted in this
case.

Date: ___6/1/17___

Sign: ___Farrah M. Johnson___

Exhibit
19

To: Nelson D. Hermilla
Chief for A/PA/ Branch
Civil Rights Division
Department of Justice
BICN Bldg. Room 3234
950 Pennsylvania Avenue, NW
Washington, DC 20530
Phone: (202) 514-4209
Fax: (202) 514-1695
E-mail CRT.foIA request@usdoj.gov

From: Farrah Johnson
102 N. California
Danville, IL 61832
Phone: 217-418-3790

My reason for this letter to you
is for the sole purpose of filing a
civil rights complaint with the help
of my uncle Henry L. Johnson.
this civil rights complaint I am
filing with your office against
Correctional officers at the danville
County Jail, which is also known
as the public safety building I
request that your office look into
the misconduct ⬤ of these
Correctional officers. I request
that your office investigate the
misconduct of these Correctional
officers. due to the fact I was
held in custody at the vermilion
County Jail from January to may 2014.

1 of 1

While I was incarcerated there
I was pregnant and was due
to have my child at any given
moment, in this alleged incident
I'm about to explain to you I
was complainting for days to
the vermilion county Jail Staff.
about the aches and pains I
was having but my complaints
about seeking medical attention
from the vermilion county Jail Staff
was ignored. So in April 2014 while
I was still in custody at the
vermilion county Jail located in
danville ILLinois. My contractions
Started to get worssen around or
about 3:30 AM my cellmate at the
time who name is Shavala Horward.
Started calling out for help to the
vermilion county Jail Staff which seemed
like it took forever for them to
respond. and come to my cell to see
what the problem was the officer
at the time was on duty was c/o
Laurie A.K. Bernardi, who was already
aware of me being pregnant came
to my cell and I told c/o Laurie
A.k. Bernardi that I was in pain.

and my stomach was hurting and that
I was in labor at the time as I
was layed out on my floor in my cell.
Laurie A.K. Bernardi fail to provide
me immediately medical assistence
due to the fact c/o Laurie A.K. Bernardi.
never came to ~~assistence~~ assist me
physically in anyway and she also
fail to provide me with any medical
instructions. also I complainted about
aches and pains I was having days
before to c/o Nicole which she
also fail to provide to me medical
assistence as me being a pregnant
woman in their custody. I also
found out the name of the supervisor
who was supervising the incident
that took place with me and my
baby being born inside the vermilion
county jail 4-6-14. his name is
Sgt. Kevin Maskel which at the
time of the incident made me
go through unecessary distress.
due to the misconduct and poor
guideness of Sgt Kevin Maskel
which in his own words written
in his incident report about
the incident that ocurred to me.

1 of 3

it was an incident report wrote to
LT. Barrett from sgt. kevin maskel
who was supervising the incident
that took place with me and my
baby, at the vermilion county Jail.
in sgt, kevin maskal own words he
wrote, on 4-6-14 at Approx. 0430 hrs
officer Bernardi called me on the
phone on 4th floor. advising me that
(female) Johnson, farrah was laying
on the floor in cell E-48 saying her
stomach hurt and she couldn't get up.
(knowing) female Johnson was pregnant
I advise officer Benardia Bernardi
that Johnson was not going anyway
at that time. I advise officer
Bernardi to give female Johnson a
(female) Pad and that if her water
broke or had blood on it to let me
know. Approx. 0450 hrs officer Bernardi
Called over the radio and asked for
officer rouse to come to 3rd floor
and assist. at approx 0455 hrs I
heard officer Bernard Bernardi
Say over the radio "we have a Baby."
At this time I contacted communications
at 0457 hrs, I arrived on 3rd floor
in E-Block and waited for medix to arrive.
1 of 4

(female) Johnson was sitting on the bathroom stool in E-block 48. Sgt. Kevin Maskel fail to provide me Immediately medical attention and intentionally and knowingly. place the health wealth and life of me and my baby in danger so I request that your office. investigate the misconduct of Sgt. Kevin Maskel because I want Sgt. Kevin Maskel terminated and fired from his job. because of his actions towards me and my child 4-10-14 it clearly shows he's not fit to for fill this kind of public job. due to the lack of Sgt. Kevin Maskel thinking I was force to give birth in the vermilion county Jail unsantized Jail cell and very filthy nasty toilet. if Sgt. Kevin Maskel would have provided me with Immediately medical assistance I would have been able. to go through less distress and less pain and suffering and most of all avoided giving birth to my child in a Jail cell inside a toilet. but since Sgt. Kevin Maskel did fail to do

10 f. 5

these mention said things since this incident happen to me at the vermilion county dail I been left to go through unecessary pain and suffering. caused by the poor actions against me by sgt. Kevin Maskel because until this day I have been placed on back medication due to the back injury I sustained doing this incident with me and my child at the vermilion county dail. and after further information through a incident Report wrote by c/o Laurie A.K. Bernardi Dated 5-6-16. She wrote a month later after the incident took place c/o Laurie A.K. Bernardio admitted I was in pain. C/o Laurie A.K. Bernardi also contradicted in her incident report different from what sgt. Kevin Maskel said in his incident report. about When C/o Laurie A.K. Bernardi told him the night of the incident the mention said Correctional officers not only fail to provide me with the IMMEDIAtKy Medical assistance My condition needed. once I made them aware of My serious condition as a pregnant woman in dail but each said correctional officer incident report bares untrue facts. it took the mention said Superviser

30 minutes or more before they decided to call for a ambulance assistance to transfered me to an outside hos hospital. by then I had already given birth to my child in the vermilion county Jail cell E-48 in the toilet. due to the lack of the mention said officers I endure unecessary pain and suffering because of the lack and Ignoring of the Immediately medical assistance I ask for. and needed once. the mention said officers was aware of me being in distress and pain and in labor. I endure pain and suffering unecessary because the mention officers refuse to call an ambulance at the moment and time me and my child needed it the most. before the birth of my child which had to suffer by being birth in a filthy nast toilet in the vermilion county Jail. c/o Laurie A.K. Bernardi fail to properly assist me by doing her job and protecting me and exercise her training. her and c/o Ficle nicole purposely Ignored my request for medical treatment early on. the vermilion county Jail staff intentionally and knowingly fail to provide me with a medical staff.

1 of 2

rather doctor or nurse, at the Immediately
time when I needed medical assistance.
the vermilion county jail fail to have
such medical staff on duty and by
doing so put the wealth and health
of me and my child life in jeopardy.
there for I ask only to request
that your office start a full fledge
investingation. into the poor mis-
conduct actions of the mention
said vermilion county correctional
officers. also on the whole vermilion
county jail procedures when it comes
to pregnant women in their
custy custody period period.
I look forward to you contacting
me soon by the phone number
I have provided to you for
any further question. I also
thank you for taking time out
to read such civil right violation
complaint I choose to file
against the vermilion county
jail and it's correctional
officers.

Date: 6/1/1

sign: Sarrah m johnson