IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| FARRAH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 2019 |
| | ) | |
| PATRICK HARTSHORN, et al., | ) | Hon. Colin S. Bruce |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO REOPEN
DISCOVERY AND TO MODIFY THE COURT'S SCHEDULING ORDER**

Plaintiff, Farrah Johnson, by her attorneys, Loevy & Loevy, hereby respectfully requests that this Court reopen discovery for four months to allow Plaintiff (who is now represented by counsel) to conduct the discovery vital to fairly present her claims to a jury. Plaintiff additionally requests that this Court modify its Scheduling Order (Dkt. 16) to allow Plaintiff to conduct that necessary discovery. In support of her requests, Plaintiff states as follows:

**INTRODUCTION**

Farrah Johnson brought this lawsuit against three correctional officers at the Vermilion County Jail for denying her access to medical care while she was in labor with her son. The scant discovery produced in this case demonstrates the strength of Plaintiff's claims, including Defendants' admission that after being informed that she was in labor, they told her she "was not going anywhere at that time" and would not receive medical attention until "she could prove that she was leaking" or until the baby's head "was crowning."

As a result of Defendants' refusal to provide care, Plaintiff was forced to give birth to her son in her jail cell toilet, with only her cellmate (who had no proper medical training) to help her. Even after giving birth, Defendants delayed providing Plaintiff access to medical staff.

Until the past month, Plaintiff had no representation. Because of that fact, she was not able to obtain the discovery necessary to fairly present her claims to a jury so that it could decide the case on its merits and not based on the legal knowledge of the people responsible for the case. Indeed, because of Plaintiff's *pro se* status, this Court had permitted only Defendants to conduct depositions. Dkt. 16.

Fairness and good cause dictate that Plaintiff be permitted to obtain additional discovery that is centrally relevant to her claims, including the depositions of Defendants who deny that they violated Plaintiff's constitutional rights or claims for damages. Additionally, Plaintiff's mother, Sarah Miller, on behalf of Plaintiff's son, O.J., has recently filed a lawsuit concerning the same events that form the basis of Plaintiff's lawsuit; as such, virtually identical discovery in a separate but closely related case will already be taking place. *Miller v. Hartshorn, et al.*, No. 18 C 2050 (C.D. Ill.). Accordingly, this Court should grant Plaintiff's motion.

## BACKGROUND

Plaintiff filed this lawsuit *pro se* in January 2016, and filed her Second Amended Complaint, also *pro se*, in January 2017. Dkt. 1; Dkt. 26. On November 1, 2017, this Court conducted a review of Plaintiff's Second Amended Complaint and allowed her to proceed on her claims against Defendants Bernardi, Rouse, and Maskel. Dkt. 48. Defendant Maskel, who was not previously a defendant, entered an appearance on December 8, 2017, Dkt. 51, and Defendants answered Plaintiff's Second Amended Complaint on January 2, 2018. Dkt. 54.

In June 2016, this Court entered a Scheduling Order limiting the parties to "the deposition of the plaintiff, subject to a motion by the defendants to take additional depositions." Dkt. 16 at 5, ¶ 12. Plaintiff, who was *pro se* at the time of this Court's Order, accordingly

understood that the Court would entertain requests for additional depositions by Defendants but not by Plaintiff.

This Court also ordered Defendants to serve Rule 26(a)(1) disclosures on Plaintiff, including Plaintiff's "relevant medical records[,]" grievances, and relevant incident reports. *Id.* at 3-4, ¶ 5. Finally, this Court ordered Defendants to promptly file a motion for a protective order if they objected to Plaintiff's written discovery requests on security grounds or any reason listed under Rule 26(b) of the Federal Rules of Civil Procedure. *Id.* at 5, ¶ 13.

During discovery, Defendants identified at least eight witnesses they may call in their defense. Ex. A (Defs.' Rule 26(a)(1) Disclosures) at 1-3. None of these witnesses, including the Defendants themselves, have been deposed.

Written discovery is also sparse. Defendants have produced a total of just 49 pages of documents in this case. And Defendants have refused to produce relevant documents in response to Plaintiff's discovery requests without moving for a protective order, in violation of this Court's Scheduling Order. Ex. B (Defs.' Resp. to Pl.'s Requests for Prod.) at 1-2, 4 (objecting to Plaintiff's discovery requests as "burdensome" and "based on security reasons"); Dkt. 16 at 5, ¶ 13. Defendant Maskel's response to Plaintiff's interrogatories—the only interrogatory responses by Defendants in the case—contain testimony that requires exploration and follow-up, including a contention without explanation (and one that is belied by other records in this case) that Defendant Rouse helped to deliver Plaintiff's baby. Ex. C (Maskel's Resp. to Pl.'s Interrog.) at 4.

In November 2016 and again in September 2017, Plaintiff requested that this Court recruit counsel to represent her in this lawsuit. Dkt. 19; Dkt. 45. In her motions, Plaintiff explained that she lacked the education, skills, or knowledge to participate effectively in her

3

litigation as a *pro se* party. Dkt. 19 at 2; Dkt. 45-2 at 1-3. In fact, she explained, all motions and paperwork in the case have been prepared by her uncle, who is incarcerated in Pine Knot, Kentucky. Dkt. 45-3 (Declaration of Henry Johnson) at 1. This Court denied Plaintiff's motions. Nov. 16, 2016 Text Order; Nov. 3, 2017 Text Order. In December 2017, three months after discovery had closed, Plaintiff found counsel on her own, who was granted leave to enter her appearance on December 12, 2017. Dec. 12, 2017 Text Order.

## DISCUSSION

Plaintiff seeks an additional four months to conduct discovery that goes to the heart of Plaintiff's serious claims against Defendants for forcing her to give birth in a dirty toilet, including taking depositions of Defendants and their proposed witnesses, and targeted discovery to eliminate matters not in dispute. Plaintiff also intends to follow up on Defendants' discovery responses, many of which were improper under this Court's Scheduling Order, and additionally fail to provide the documents or information requested. Finally, Plaintiff intends to obtain a medical expert to opine on the denials of medical care that Plaintiff suffered and the injuries that she sustained as a result.

A showing of excusable neglect typically warrants reopening discovery after the deadline has passed. Fed. R. Civ. P. 6(b)(1)(B); *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015). The Seventh Circuit has explained that "excusable neglect" is in essence an equitable inquiry, taking account of all relevant circumstances, including the danger of prejudice to either party, the reason for the delay, the potential impact on judicial proceedings, and whether the movant acted in good faith. *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 808 (7th Cir. 2011) (test for excusable neglect "is not a

4

merciless one" and as such, "delay might be excused even where the reasons for the delay are not particularly compelling").

The fact that a party is proceeding *pro se* is also relevant to the "excusable neglect" inquiry. *Whitfield v. Howard*, 852 F.3d 656, 660 (7th Cir. 2017) Even if a plaintiff is competent and the legal issues in her case are not complex, it can be difficult for a *pro se* plaintiff to obtain discovery that is critical to an evaluation of the case on its merits. *See Junior v. Anderson*, 724 F.3d 812, 816 (7th Cir. 2013) (also noting the importance of deposing defendants in § 1983 prisoners' rights cases). Lawyers are crucial to the discovery process, especially in cases where complex medical evidence and expert testimony are needed to evaluate the adequacy of medical treatment the plaintiff received in prison. *Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015); *see also Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015) (observing the importance of having counsel to conduct depositions); *Rivera v. Gupta*, 836 F.3d 839, 843 (7th Cir. 2016) (counsel critical to obtaining expert testimony).

To remedy this imbalance, courts reopen discovery when doing so would elicit information the court needs in order to make an informed decision about the case, *see Patton v. MFS/Sun Life Fin. Distributors, Inc.*, 480 F.3d 478, 490 (7th Cir. 2007) (collecting cases), particularly if *pro se* plaintiffs obtain counsel after discovery has closed, *see James v. Cartwright*, 659 F. App'x 888, 891 (7th Cir. 2016) (explaining that district court recruited counsel for *pro se* plaintiff and reopened discovery when it became clear that critical evidence was missing); *Locke v. Flores*, No. 10-CV-430-JPS, 2013 WL 1288071, at *5 (E.D. Wis. Mar. 27, 2013) (stating that if case proceeds to trial, court will recruit counsel for *pro se* plaintiff and reopen discovery). Courts should reopen discovery if the benefits of expanding the record outweigh the additional costs. *Patton*, 480 F.3d at 492; *Flores v. Sheriff of Cook Cty.*, No. 10 C

8040, 2014 WL 1031494, at *3 (N.D. Ill. Mar. 18, 2014) (reopening discovery to depose witness with key knowledge about issues central to plaintiff's claim); *Keach v. U.S. Tr. Co.*, 244 F. Supp. 2d 968, 976 (C.D. Ill. 2003) (reopening discovery for limited time and purpose after summary judgment).

Here, because of her *pro se* status, Plaintiff was unable to obtain the necessary discovery to present her case to a jury on its merits. Her failure to obtain thorough discovery is excusable, and consideration of the factors weighs in favor of reopening discovery. Undersigned counsel was granted leave to file an appearance on Plaintiff's behalf on December 12, 2017. Text Order, Dec. 12, 2017. Before she had counsel, Plaintiff made multiple attempts to obtain counsel, including requesting help directly from several law firms, and twice requesting this court to appoint counsel for her. Dkt. 19, 45. But without counsel, and pursuant to this Court's order, Dkt. 16, Plaintiff was never able to depose anyone, including any of the potential witnesses listed in Defendants' Rule 26 disclosures. Worse still, Defendants exploited her *pro se* status by refusing to provide squarely relevant discovery in violation of this Court's order. *See McPherson v. Bunch*, No. 03 C 1008, 2004 WL 1151566, at *3 (N.D. Ill. May 3, 2004) ("this court will not entertain arguments that attempt to take advantage of [*pro se* plaintiff's] lack of legal knowledge"). If she had had the benefit of counsel during the discovery period, Plaintiff certainly would have conducted this discovery. *See Rivera*, 836 F.3d at 843; *Miller*, 794 F.3d at 880; *Perez*, 792 F.3d at 785; *Junior*, 724 F.3d at 816.

Additionally, Plaintiff's mother, Sarah Miller, has recently filed a lawsuit on behalf of Plaintiff's son, O.J., for the injuries he suffered following his birth in a dirty toilet at the Vermilion County Jail without any medical care. *Miller v. Hartshorn, et al.*, No. 18 C 2050 (C.D. Ill.). Given that his claims are one and the same with Plaintiff's, these cases should be joined for

discovery purposes and Plaintiff should be permitted to benefit from the discovery conducted in Ms. Miller's case on the very topics at issue in Plaintiff's own lawsuit. Fed. R. Civ. P. 42(a); *see United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945) (explaining that Rule 42 encourages joinder when possible); *Gonzalez v. City of Chicago*, No. 11 C 5681, 2014 WL 8272288, at *1 (N.D. Ill. Apr. 7, 2014) (joint trials are more efficient because they allow only one round of witness testimonies, jury empanelment, jury instructions, and evidentiary rulings). Ms. Miller, on O.J.'s behalf, will be entitled to her own discovery, which will be identical to that which Plaintiff is now requesting.

Without counsel, and therefore without the opportunity to depose any of the defendants or potential witnesses or enforce this Court's rules and the Federal Rules of Civil Procedure, Plaintiff was never able to elicit information critical to her case. For example, state of mind is a central part of a deliberate indifference case. *See Rivera*, 836 F.3d at 842. Some of Defendants' proposed witnesses were directly involved in Plaintiff's childbirth, and the knowledge and insight they will reveal through discovery will shed critical light on Plaintiff's claims—specifically, information about their states of mind and possible defenses. And this information is likely available only through deposition. *Santiago v. Walls*, 599 F.3d 749, 764 (7th Cir. 2010) (depositions reveal requisite information about defendants' states of mind in deliberate indifference case). This is critical information in a case with state-of-mind at its core, and it would be a miscarriage of justice not to allow it.

Allowing Plaintiff to obtain expert testimony about her injuries and the risks of harms that she faced as a result of Defendants' misconduct is also necessary to ensure that her claims are fairly decided on their merits. *See Walker v. Zunker*, No. 00-C-0281-C, 2000 WL 34234449, at *1 (W.D. Wis. Dec. 20, 2000). Courts have held that expert testimony is *especially* important

in section 1983 cases like this one, where a plaintiff raises claims for being denied appropriate medical care. *See Goodvine v. Monese*, 622 F. App'x 579, 581 (7th Cir. 2015) (recruiting lawyer for *pro se* plaintiff would have helped obtain expert testimony necessary to deliberate indifference case); *Henderson v. Ghosh*, 755 F.3d 559, 566 (7th Cir.2014) (district court abused discretion denying *pro se* plaintiff's request for counsel in deliberate indifference case because counsel would have obtained expert testimony necessary to prove defendant's state of mind, a critical factor in deliberate indifference cases); *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir.2005) (*pro se* prisoner's case was "legally more complicated than a typical failure-to-treat claim because it require[d] an assessment of the adequacy of the treatment that [the plaintiff] did receive, a question that will likely require expert testimony"). In this case, an obstetrician-gynecologist would greatly help a jury understand the process of childbirth, and how Plaintiff's confinement to a cell impacted that process and the pain that she suffered during it. Fed. R. Evid. 702 (expert testimony admissible if it helps the trier of fact understand the evidence or determine a fact in dispute). It will also help ensure that the jury does not improperly rely on some personal experience that they may have had experiencing or witnessing childbirth.

Additional discovery will also provide necessary context for Plaintiff's claims. In deliberate indifference cases, the context of the factual narrative is also critical. *Old Chief v. United States*, 519 U.S. 172, 186–87 (1997) (discussing the importance of narrative evidence); *United States v. Vretta*, 790 F.2d 651, 655 (7th Cir. 1986) ("Evidence is relevant if its exclusion would leave a chronological and conceptual void in the story.").

Finally, Defendants will suffer no significant prejudice if this Court reopens discovery. At this point, little substantive work has been done. The summary judgment deadline is not until February 12, 2018. Text Order, Nov. 2, 2017. Trial is set for June. *Id.* There are no time-sensitive

issues. The only drawback of pausing the proceedings for four months to allow Plaintiff access to critical information through discovery is a short delay. Plaintiff's counsel contacted counsel for Defendants, who stated that they oppose the motion. But as described above, the balance of the equities tilts heavily toward granting Plaintiff's motion.

For the foregoing reasons, Plaintiff respectfully requests that this Court reopen discovery for four months and modify its scheduling order.

                                              Respectfully submitted,

                                              /s/ Sarah Grady
                                              Sarah Grady
                                              Attorney for Plaintiff

Sarah Grady
Rachel Brady
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

  I, Sarah Grady, an attorney, certify that on February 8, 2018, I caused the foregoing Motion for Leave to Reopen Discovery and to Modify the Court's Scheduling Order to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

               /s/ Sarah Grady
               Sarah Grady
               Attorney for Plaintiff


Michael W. Condon
*Attorneys for Defendant*s
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
mcondon@hcbattorneys.com