UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| FARRAH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  16-cv-2019 |
| | ) | |
| v. | ) | Judge Colin S. Bruce |
| | ) | |
| PATRICK HARTSHORN, et al., | ) | Magistrate Judge Eric Long |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

THIS MATTER COMING TO BE HEARD on Defendants' motion for a protective order relative to police officer personnel files, disciplinary records, and citizens' complaints, this Court having determined that a Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure, and the Court being otherwise fully advised in the premises, GRANTS the Motion for Protective Order (#59):

IT IS HEREBY ORDERED that:

1.  Materials and information protected by this Order shall include the following categories: (1) the personnel files of Defendants KEVIN MASKEL, NICOLE ROUSE, and LAURIE BERNARDI; and (2) complaints, internal investigations, disciplinary information, and orders of discipline regarding Defendants KEVIN MASKEL, NICOLE ROUSE, and LAURIE BERNARDI.

2.  Counsel for the Defendants shall have the right to redact from all documents produced in discovery any and all references to any individual police officer's personal and confidential information about himself or his family, including the following: Social Security Number, telephone numbers, driver's license number, payroll information, changes to worker's compensation claims, uniform and equipment information, insurance beneficiaries and identifying information about the officer's spouse and family members (including but not limited to names, addresses, date of birth and Social Security Numbers and medical information).[1]

3.  To the extent that Defendants provide to Plaintiff Confidential Information described in Paragraph 1 above, such Confidential Information shall be retained solely in the custody of Plaintiff's attorneys and Defendants' counsel at all times during the pendency of this litigation and shall not be placed in the possession of or disclosed or divulged to any other persons except as set forth in Paragraph 5 below.

4.  Designation. A party may designate a document as Confidential Information for

---

[1] While the parties are not in agreement regarding whether documents in the personnel files concerning medical and psychological evaluations and treatment will be produced, if documents of this type are produced by Defendants, the documents will be subject to this protective order.

protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

5. Confidential Information shall be maintained in confidence by Plaintiff's counsel and Defendants' counsel and shall not be disclosed to any person except:

    a. This Court and its officers;

    b. The parties to the lawsuit;

    c. Stenographic reporters;

    d. Contractors;

    e. Counsel for Plaintiff and Defendants;

    f. Employees of counsel;

    g. Witnesses at depositions (provided that Plaintiff provides 24 hours advance notice to Defendant of her intent to disclose said documents at deposition);

    h. Consultants or experts retained in this litigation; and

    i. Sheriff Patrick Hartshorn.

6. Except as otherwise provided by this Order or by further order of the Court, Confidential Information shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed only to the persons identified in Paragraph 4, and shall not be used in any other civil or criminal case, litigation or matter.

7. Individuals or entities permitted access to Confidential Information pursuant to Paragraph 4 above are hereby ordered not to show, convey or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this Order, unless they secure the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

8. The restrictions regarding custody of the Confidential Information subject to this Order and the restrictions regarding disclosure of these materials contained herein also apply with equal force to any excerpts, analyses or summaries of such items or the information contained therein.

9. In the event that Plaintiff's counsel or Defendants' counsel cease acting as counsel for their respective parties in this litigation, then all Confidential Information, as defined herein, including any copies of excerpts, analyses or summaries thereof, shall be returned forthwith to opposing counsel, except that counsel shall not be required to return any attorney work product to opposing counsel. This provision shall not apply if Plaintiff or Defendants retain other counsel who is also willing to be bound by the terms of this Protective Order. In the event Plaintiff's attorneys or Defendants' attorneys retain attorney work product containing confidential materials, as defined herein, such attorney work product shall remain subject to the restrictions set forth in this Order.

10. If either party receives a subpoena or legally enforceable order requiring disclosure of any Confidential Information received from another party, the recipient immediately shall provide notice thereof to the other party and to that party's counsel, and shall not disclose or release said Confidential Information unless they secure the written consent of the other party or obtain permission from this Court, upon motion and with notice to all parties.

11. Any party may apply to the Court for relief from, or modification of, this Order, for the removal of the confidential designation from any discovery materials, or extracts or portions thereof, for reclassification of confidential materials or for further protection of confidential discovery materials. The burden of persuasion regarding any party's confidentiality designation shall be governed by Rule 26(c) of the Federal Rules of Civil Procedure and the applicable case law.

12. This Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged, irrelevant or immaterial, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

13. The entry of this Protective Order and the execution of its underlying stipulation shall not, in itself, preclude the recipient of Confidential Information from communicating with third parties except with information derived solely from documents, interrogatory answers or other information designated herein as "Confidential."

14. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified above for any purpose whatsoever other than in this litigation, including any appeal thereof. This Order does not, by itself, authorize the filing of any document under seal, which the parties must separately file. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention in advance of the hearing or trial.

15. The parties shall incorporate into the Final Pretrial Order procedures for utilizing and disclosing during trial any Confidential Information designated pursuant to this Order.

16. Within sixty (60) days after termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall either return to the originating source or destroy (and certify in writing upon request of such destruction) all materials and documents designated as Confidential Information, as well as all copies, summaries and abstracts thereof. If the originating party requests the return of the materials, it shall be the party's burden to arrange for pickup of those items. Notwithstanding the above, the parties shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports. Furthermore, notwithstanding anything to the contrary above, counsel for the parties shall be entitled to retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, and (2) one complete set of all documents filed with the Court, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. Under no circumstances will any party be required to destroy or return documents that are or become available to the public without disclosure by the party. If any Confidential Information is filed with the Court, the party designating the information shall have the right, upon termination of this litigation by final judgment and appeal or settlement, to remove the Confidential Information from the Court file, provided that, if the material is not withdrawn from the Court file within sixty (60) days after the termination of this litigation, said items shall become part of the public record.

17. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by Order of this Court.

18. Anyone with knowledge of the contents of this Order shall be bound by its terms.

IT IS SO ORDERED THIS 10th Day of April, 2018

s/ ERIC I. LONG

UNITED STATES
MAGISTRATE JUDGE